By the Court.
Without undertaking to approve or disapprove the doctrine announced in the case of The State of Ohio v. Born, 85 Ohio St., 430, it is sufficient to say that the statute law of Ohio touching the speed rate for automobiles is specific and wholly unrelated to the statutes involved in the Born case, supra.
Section 12603, General Code, reads:
“Whoever operates a motor vehicle or motorcycle on the public roads or highways at a speed greater than is reasonable or proper, having regard for width, traffic, use. and the general and usual rules of such road or highway, or so as to endanger the property, life or limb of any person, shall be fined,” etc.
*363 Section 12604,’ General Code, reads:
“Whoever operates a motorcycle or motor vehicle at a greater speed than eight miles an hour in the business and closely built-up portions of a municipality or more than fifteen miles an hour in other portions thereof or more than twenty miles an hour outside of a municipality, shall be- fined not more than twenty-five dollars, and, for a second offense shall be fined not less than twenty-five dollars nor more than fifty dollars.”
' And Section 12608, General Code, reads:
“The rates of speed mentioned in section twelve thousand six hundred and four, shall not be diminished or prohibited by an ordinance, rule or regulation of a municipality, board or other public au~ thority, but municipalities, by ordinance, may define what are the b%isiness 'and closely built-up portions thereof.”
The ordinance involvéd here contained among other things this provision:
“The words ‘congested- district’ mean the closely built-up portions of all the municipality and are defined to be all that territory included between Mound street and Buttles avenue, inclusive, and between Fourth and Front and Park streets, inclusive.”
It was admitted by the plaintiff that the place of the accident was outside of the congested district, as fixed by the ordinance.
The above statutes clearly indicate that the general assembly of Ohio intended to place a reasonable regulation on the speed of automobiles in “closely built-up” poidions of the municipality. *364 It delegated to the municipality itself to “define what are the business and closely built-up portions thereof,” exactly as it left municipalities to determine their own wards, and even their own municipal boundaries, by authorizing them to attach or detach adjacent territory to or from the municipality. Manifestly the municipality would be the best judge as to such portions or districts.
This court has held that the violation of an ordinance is negligence per se, and that would be particularly true of an drdinance regulating speed within the municipality.
If such ordinance was violated, and such violation was a proximate cause of an injury, the ordinance would be clearly competent upon the issue of negligence. If, upon the contrary, the ordinance was duly observed, it is difficult to understand why it should not excuse liability, because we cannot conceive of a legal wrong being committed while the law is being all the while obeyed. The two positions are inconsistent, irreconcilable. If the ordinance is admissible to fix negligence, it is also admissible to disprove negligence. The defendant below was entitled to the admission of the ordinance in question, and because the same was denied to him there is error prejudicial to his substantial rights, for which the judgment below is reversed.

Judgment reversed.

Jones, Matthias, Johnson, Donahue, Wanamaker and Robinson, JJ., concur.